# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

JAMES PULLINS,

    Plaintiff,

v.

CONSWAYLA TARVER,

    Defendant.

CIVIL ACTION NO.: 6:17-cv-132

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Hays State Prison in Trion, Georgia, filed this cause of action pursuant to 42 U.S.C. § 1983, contesting certain conditions of his confinement. (Doc. 1.) After his case was transferred to this District, (doc. 3), and in response to this Court's Order directing him to amend using the appropriate Section 1983 complaint form, (doc. 9), Plaintiff submitted the Amended Complaint presently before the Court, (doc. 10). For the reasons set forth below, the Court **DISMISSES AS MOOT** Plaintiff's Motion to Appoint Counsel and **DENIES** his Motion to Proceed *in Forma Pauperis*. (Docs. 11, 13) Additionally, I **RECOMMEND** that the Court **DISMISS WITHOUT PREJUDICE** this action as time barred by the applicable statute of limitations.[1] I further **RECOMMEND** that the Court **DIRECT** the

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that R&R served as notice that claims would be *sua*

Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal**,** and **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND

Plaintiff originally filed this action seeking leave to proceed *in forma pauperis*. (Doc. 13.) Plaintiff's Amended Complaint, like his original Complaint, centers on alleged use of excessive force by Defendant, a correctional officer at Georgia State Prison in Reidsville, Georgia. (Docs. 1, 10.) In his Amended Complaint, Plaintiff states that on July 8, 2014, at approximately 12:30 p.m., Defendant stabbed him in the face with a pen as he was leaving the Reidsville prison chow hall. (Doc. 10, pp. 4–5.) Plaintiff avers the alleged use of excessive force left him with a puncture wound on the left side of his face that required medical attention. (Id.) Plaintiff filed a grievance that was forwarded to the Georgia Department of Corrections' ("GDC") Internal Investigations Unit on July 22, 2014. (Id. at p. 7.) Plaintiff asserts he received no further response from the GDC thereafter; thus he filed a second grievance on April 14, 2016, inquiring as to the status of his first grievance. (Id. at pp. 7–8.) After filing his second grievance, Plaintiff was informed that his first grievance had been partially granted. (Id.) Plaintiff seeks monetary damages as well as injunctive relief. (Id. at p. 5.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all

---

*sponte* dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is barred and due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the District Court will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Dismissal Pursuant to the Statue of Limitations

Plaintiff raises an Eighth Amendment constitutional claim for Defendant's alleged use of excessive force, but his claim is barred by the applicable statute of limitations. Constitutional claims brought pursuant to Section 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. Although state law determines the applicable

statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). As a general rule, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id. "To dismiss a prisoner's complaint as time-barred prior to service, it must appear beyond a doubt from the complaint itself that the prisoner can prove no set of facts which would avoid a statute of limitations bar.'" Moore v. Chamberlain, 559 F. App'x 969, 970 (11th Cir. 2014) (citing Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003)).

Plaintiff describes events occurring no later than July 2014. Plaintiff's Amended Complaint makes clear, in three separate sections, that the operative date in this case is July 8, 2014, when Defendant allegedly attacked him with a pen.[2] (Doc. 10, pp. 4, 5.) However, Plaintiff does not allege that he was unaware of the facts surrounding his claims at that time, nor does he allege any facts to suggest he discovered this information at a later date. Therefore, the statute of limitations began to run in July 2014, the latest date Plaintiff claims the subject event occurred. Because Plaintiff did not file his original Complaint in this case until September 28, 2017, which is more than three years after the event in question, Plaintiff's Complaint and Amended Complaint are untimely filed pursuant to the applicable two-year statute of limitations period. Given the specific date and one-off nature of the alleged unlawful use of force, Plaintiff's Amended Complaint makes clear that his action is time barred.

---

[2] Moreover, Plaintiff's original Complaint alleges the same date, July 8, 2014, as the day on which Defendant attacked him with a pen. (Doc. 1, p. 3.) Indeed, in its Order directing him to amend his Complaint using the proper form, the Court forewarned Plaintiff that the event giving rise to his claim appeared to be outside the applicable statute of limitations window. (Doc. 9, p. 4.)

However, Plaintiff timey filed his first grievance, which could serve to toll the statute of limitations period. "As a general matter, equitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." Lozano v. Montoya Alvarez, ___ U.S. ___, 134 S. Ct. 1224, 1231–32 (Mar. 5, 2014). The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). In Leal v. Georgia Department of Corrections, the Eleventh Circuit Court of Appeals "decline[d] to decide in the first instance the legal issue of whether the mandatory exhaustion requirement of 42 U.S.C. § 1997e(a) and the actual exhaustion of remedies by a prisoner will operate to toll the statute of limitations." 254 F.3d 1276, 1280 (11th Cir. 2001); see also Walker v. United States, 196 F. App'x 774, 777 (11th Cir. 2006) (stating in a Bivens case that the court has "declined to decide whether the statute of limitations is tolled in a § 1983 case while a petitioner is pursuing administrative remedies"). While I recognize that Eleventh Circuit precedent has not addressed this issue directly, I conclude that the applicable statute of limitations was tolled while Plaintiff pursued his administrative remedies. Other Courts of Appeals agree. Nickolich v. Rowe, 299 F. App'x 725, 725-26 (9th Cir. 2008) (finding that, given California's two-year statute of limitations, a state prisoner's Section 1983 deliberate indifference claim was not barred by the statute of limitations, where the inmate commenced his prison grievance process immediately after his claim accrued and filed a complaint within two years of completing the mandatory grievance process); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001) (holding that a federal court relying on the Illinois statute of limitations in a Section 1983 case must toll the limitations period while a prisoner completes the administrative grievance process); Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000) (concluding that tolling

is appropriate while prisoner completes mandatory exhaustion requirements); Harris v. Hegmann, 198 F.3d 153, 157–59 (5th Cir. 1999) (same).[3]

Nevertheless, there is nothing before this Court which indicates the exhaustion of Plaintiff's administrative remedies took nearly fifteen months' time to complete to render this cause of action timely filed. As noted above, the statute of limitations in this case began to run on July 8, 2014, the date of the alleged pen attack. Plaintiff filed a grievance concerning the allegations in his Amended Complaint that same month, which was later forwarded to the GDC's Internal Investigations Unit on July 22, 2014. Plaintiff filed his original Complaint on September 28, 2017, meaning that, in order for this case to be deemed timely filed under equitable tolling, the exhaustion of his administrative remedies must have taken from July 2014, when he filed his grievance, until September 28, 2015, a period of approximately fifteen months. However, the GDC's grievance process from initial filing through final appeal takes at most 157 days, far short of the fifteen months needed to render Plaintiff's case timely.[4] See Shaw v. Toole, No. 6:14-CV-48, 2015 WL 4529817, at *5 (S.D. Ga. July 27, 2015), *report and*

---

[3] See also Quilling v. Humphries, No. 4:10cv404-WS, 2010 WL 4783031, at *1 (N.D. Fla. Nov. 17, 2010) (referring a case back to the magistrate judge because it could not be determined that the statute of limitations necessarily barred the plaintiff's claims); and Baldwin v. Benjamin, No. 5:09-CV-372(CAR), 2010 WL 1654937 (M.D. Ga. Apr. 23, 2010) (recognizing that the Eleventh Circuit has not adopted a rule regarding the effect of exhaustion on tolling, but noting that the exhaustion requirement may operate to toll the statute of limitations).

[4] That Plaintiff filed a second grievance on April 14, 2016, is of no moment. Under the GDC's Standard Operating Procedure, Plaintiff was required to file an appeal no more than seven (7) days from the date of the Warden's response to the grievance. Shaw, 2015 WL 4529817 at *5. Plaintiff indicates that he did not file an appeal after his initial grievance was forwarded to the Internal Investigations Unit on July 22, 2014, and instead waited nearly twenty months to file a subsequent grievance about the lack of further response from the GDC to his initial grievance. (Doc. 1, pp. 7–8.) Because the PLRA requires Plaintiff to file an appeal to properly exhaust, he may not avail himself of equitable tolling where he failed to follow the requisite grievance procedure and filed an untimely second grievance appealing the lack of relief granted from the initial grievance. See Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008) ("[P]risoners must properly take each step within the administrative process.") (internal quotes and citation omitted); Shaw, 2015 WL 4529817 at *5 (noting that grievances must be filed no later than 10 days from the date giving rise to the grievance).

*recommendation adopted*, 2015 WL 5025478 (S.D. Ga. Aug. 24, 2015) (citing to and discussing the GDC's Standard Operating Procedure IIB05–0001, which sets forth the required grievance procedure that was effective at the time Plaintiff's Complaint arose).

Thus, the Court should **DISMISS** Plaintiff's case as precluded by the applicable statute of limitations.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[5] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[5] A certificate of appealablity is not required in this non-habeas action.

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should deny him *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES AS MOOT** Plaintiff's Motion to Appoint Counsel and **DENIES** Plaintiff's Motion to Proceed *in Forma Pauperis*. (Docs. 11, 13.) Additionally, I **RECOMMEND** that the Court **DISMISS WITHOUT PREJUDICE** this action as time barred by the applicable statute of limitations. I further **RECOMMEND** that the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 20th day of December, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA